IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| PAUL D. HOLMES, | |
|---|---|
| Plaintiff, | Case No. 3:10-cv-0002-RRB |
| vs. | |
| CORNERSTONE CREDIT SERVICES, INC., and D. SCOTT DATTAN, | **ORDER DENYING** |
| | **MOTION TO REMAND** |
| Defendants. | |

I. INTRODUCTION

Before the Court is Plaintiff Paul D. Holmes with a Motion to Remand at Docket 12. Holmes asserts that this case was improperly removed to federal court because the Court lacks subject matter jurisdiction. He argues that his claims do not arise under federal law as required for removal under 28 U.S.C. §§ 1331, 1441(b).

Defendant Cornerstone Credit Services, Inc. opposes at Docket 15, joined by Defendant D. Scott Dattan at Docket 16. Defendants argue that removal was proper because Holmes' state court complaint is partially based on 15 USC § 1692 *et. seq.*, the federal Fair Debt Collection Practices Act (FDCPA).

ORDER DENYING REMAND - 1
3:10-CV-0002-RRB

**II. BACKGROUND**

Defendants sued Holmes for an alleged delinquent debt in May 2008. The case was filed with state district court in Anchorage. Holmes is a resident of Wasilla. In August 2008, Defendants obtained a default judgment against Holmes in the full amount of the debt.

Holmes then brought this suit in Alaska Superior Court, alleging several violations of Alaska law. Count I of the Complaint alleges that Defendants violated the Alaska Exemptions Act (AEA), AS § 09.38.080 *et seq*, by failing to serve him notice properly when they imposed a levy upon his bank account. Count II alleges that, in violating the AEA, Defendants also violated Alaska's Unfair Trade Practices and Consumer Protection Act (UTPCPA), AS § 45.50.471 *et seq*. Count III alleges that Defendants also violated the UTPCPA by filing their debt collection action in the wrong venue. Finally, Count IV alleges that Defendants violated the UTPCPA by "filing false affidavits in pursuit of attorney fees."[1]

Despite the fact that all four counts of his Complaint are explicitly framed as state law claims, Holmes makes several references to FDCPA in the Complaint. The first is in the introduction to his Complaint, wherein he "contends that defendants

---

[1] Docket 1, Exhibit 2 at 8.

ORDER DENYING REMAND - 2
3:10-CV-0002-RRB

have a pattern and practice of violating the [AEA], the [UTPCPA], and the [FDCPA]."[2] Holmes next mentions FDCPA within the context of Count III, his claim for improper venue:

> By filing their debt collection lawsuits in Anchorage against non-Anchorage based debtors, defendants have effectively violated 15 USC § 1692, and have discouraged debtors, like Mr. Holmes, from defending themselves.[3]

Holmes goes on to allege that "it is an unfair act under Alaska's UTPCPA to file a lawsuit in violation of 15 USC § 1692."[4]

Holmes' request for relief also refers to FDCPA. He asks the court to issue a declaratory judgment that "defendants' business practices violate the AEA, the UTPCPA, Rule 82, Rule 55, and the FDCPA[.]"[5] He also seeks an injunction requiring the defendants to "immediately adopt policies and procedures that will ensure that they comply with the AEA, the UTPCPA, Rule 82, Rule 55, and the FDCPA in their debt collection efforts[.]"

**III. STANDARD OF REVIEW**

A lawsuit may be removed to federal court under 28 U.S.C. § 1441 so long as the suit could have been brought in federal court

---

[2] Docket 1, Exhibit 2 at 1-2.

[3] Docket 1, Exhibit 2 at 7.

[4] Docket 1, Exhibit 2 at 8.

[5] Docket 1, Exhibit 2 at 9.

originally.[6]  Where federal jurisdiction is based on 28 U.S.C. § 1331, the party seeking removal bears the burden of establishing that the case "arises under the Constitution, laws or treaties of the United States."[7]  Section 1441 is strictly construed against removal jurisdiction[8] and, if it appears at any time before final judgment that the court lacks jurisdiction, the case must be remanded.[9]

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[10]  A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.[11]

---

[6]  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.), cert. denied, 484 U.S. 450, 108 S. Ct. 150 (1987).

[7]  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

[8]  Id.

[9]  28 U.S.C. § 1447(c).

[10]  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[11]  Id.

**IV. DISCUSSION**

Holmes claims that his suit should be remanded to state court because his claims are purely state law claims. Defendants argue in opposition that his references to the FDCPA, a federal statute, and his request for declaratory and injunctive relief concerning Defendants' alleged violation of FDCPA, raise a "federal question" that gives this Court jurisdiction under 28 U.S.C. § 1331.

Under the "artful pleading" exception to the well-pleaded complaint rule, "'[a] plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law.'"[12] But as this Court noted in <u>Sakar v. Hageland Aviation Services</u>, Inc., 609 F. Supp. 2d 889 (Dist. Ak 2008), the "'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'"[13]

In <u>Sakar</u>, the plaintiff had brought a state law tort claim arising out of a commercial plane accident. While noting that federal regulations supplied the appropriate standard of care, the

---

[12] <u>Desaigoudar v. California Micro Devices Corp.</u>, 168 F.3d 498 at *2 (9th Cir. 1999) (quoting <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997).

[13] <u>Sakar</u> at 893 (quoting <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 813 (1986).

Court remanded the case because, as the Supreme Court held in Merrell Dow, the violation of a federal standard of conduct is insufficient to confer federal jurisdiction over state law claims arising from such a violation. Rather, a state law claim is subject to federal jurisdiction only if "1) the case 'turn[s] on substantial questions of federal law' and 2) 'federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'"[14]

Following Sakar and Merrell Dow, Holmes' incorporation of the FDCPA standard into Count III of his Complaint is probably insufficient, standing alone, to give this Court jurisdiction over his state law claims. But Holmes' request for declaratory and injunctive relief, requiring Defendants to comply with the FDCPA, presents a closer question. The declaration and injunction sought by Holmes require, on their face, a resolution of the parties' respective rights and obligations under FDCPA. Defendants argue that the requested injunction thus presents a substantial federal question requiring federal jurisdiction.[15]

---

[14] Sakar at 893 (quoting Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312-13 (2005)).

[15] Docket 15 at 5.

The most important difference between this case and <u>Sakar</u> is that in this case, the federal standard to be applied has an explicit federal private remedy prescribed by Congress. The FDCPA permits a private party to sue for "any actual damage sustained by such person as a result of" an FDCPA violation.[16] Thus, unlike in <u>Sakar</u> and <u>Merrell Dow</u>, there is no "assumed congressional determination to preclude federal private remedies" for the violations alleged by Holmes.[17]

As Defendants note, the FDCPA prescribes federal jurisdiction for "[a]n action to enforce any liability created by" the FDCPA.[18] Holmes' petition for an injunction, although couched within the context of a state law claim, is by its very nature an action to enforce a liability created by the FDCPA. Thus, it not only presents a "substantial question of federal law", but it also is the sort of action for which Congress has expressly provided federal jurisdiction. Remand of the case to state court is therefore improper.

---

[16] 15 U.S.C. § 1692k(a).

[17] <u>Merrell Dow</u> at 814.

[18] 15 U.S.C. § 1692k(d).

ORDER DENYING REMAND - 7
3:10-CV-0002-RRB

## V. CONCLUSION

Holmes' Complaint, although it does not expressly invoke a federal cause of action, requests injunctive relief under the FDCPA, a federal statue. Congress has provided for federal jurisdiction over such enforcement actions. Holmes' Motion for Remand at **Docket 12** is therefore **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 6th day of May, 2010.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE